| | |
|---|---|
| | UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA |

| | |
|---|---|
| ANTOLIN ANDREW MARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK BENNETT,<br><br>    Defendant. | Case No. C07-5674RBL/JKA<br><br>ORDER CONVERTING A MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT |

    This 42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Defendant Bennett has filed a motion to dismiss (Dkt # 17). Plaintiff responded and attached exhibits to his response (Dkt. # 19).

    These exhibits were not part of the first amended complaint (Dkt # 12). The exhibits show plaintiff asking for access to all his personal property and all legal materials. Personnel from "GEO" and "ICE" ordered plaintiff to specify exactly what material he needs as his materials had been sorted and inventoried in August of 2007 (Dkt. # 19, exhibits, grievance response dated October 17, 2007).

    In this action plaintiff alleges he was denied access to his legal material and as a result he was

ORDER - 1

not able to file a petition for Writ of Certiorari in the Supreme Court.  The Writ was to address the Ninth Circuits denial of a petition to file a second or successive Habeas Corpus petition.  The Habeas Corpus petition challenged a criminal conviction that apparently forms the basis for petitioner's removal.  The term or sentence for the criminal conviction appears to have been served.

Plaintiff's filing of exhibits that are not part of the complaint requires the court to either refuse to consider the exhibits, or to convert the motion to dismiss to a motion for summary judgment.  The exhibits show plaintiff being told to specify what materials he needed to access The exhibits directly address the question of whether he was denied access, or ordered to specify what documents he needed to access.  The court will consider the documents.  This converts the motion to dismiss to a motion for summary judgement.

If a motion to dismiss is converted to a motion for summary judgment the parties must be given notice and an opportunity to amend or supplement the filings. Graux v. Pulley, 739 F.2d 437 (9th Cir. 1984).  The Court now finds and Orders:

(1) The motion to dismiss will be considered as a motion for summary judgment.  The defendant should submit any additional briefing or exhibits they wish by **July 18, 2008.**  Plaintiff may file a response by **July 25, 2008.**  a reply will be due one week after the response has been unsealed.

(2) Neither party has addressed whether plaintiff has a claim for damages in his complaint, See, (Dkt. # 12 First Amended complaint).

(3) Both parties need to brief whether plaintiff was denied the ability to access his legal material or ordered to specify with particularity what documents he needed have.

(4) The clerk is directed to send copies of this order to plaintiff and counsel for Defendant and calendar the due dates of **July 18, 2008, and July 25, 2008.**

.

DATED this 23 day of June, 2008.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate

ORDER - 2