UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

        Plaintiff,

v.

JACK BENNETT,

        Defendant.

Case No. C07-5674RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**SEPTEMBER 5, 2008**

This Civil Rights/Bivens action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Before the court is defendant Bennett's motion for summary judgment (Dkt # 17). The motion was originally filed as a motion to dismiss. It was converted by the court to a motion for summary judgment after plaintiff submitted documents outside the pleadings in response to defendant's motion (Dkt. # 19).

## FACTS

Plaintiff is a deportation detainee housed in a private facility run by the "GEO" corporation. The corporation has a contract with the federal government to house detainees.

Plaintiff originally named as defendants, two GEO employees, the corporation, and Jack Bennett, a federal detention officer. (Dkt. # 1). On January 9, 2008, plaintiff entered into a stipulated dismissal with all GEO defendants (Dkt # 4). The court ordered plaintiff to file an amended complaint setting forth his claims against the only remaining defendant, Jack Bennett (Dkt # 10). In the amended complaint plaintiff

seeks injunctive relief that would force defendant Bennett to insure all of plaintiff's property and legal materials are transported with him if he is moved (Dkt. # 12). Plaintiff mentions his deportation, but the remainder of the complaint and facts deal with either a temporary transfer to the Federal Detention Center at Sea Tac, or plaintiff's attempts to gain access to all his property at one time without using the inventory list provided to him by GEO employees. Plaintiff also seeks seven hundred and eighty thousand dollars in damages and claims defendant Bennett denied him access to his legal property. Plaintiff alleges he needed access to the property so he could timely file a Writ of Certiorari regarding a criminal conviction (Dkt. # 12).

Defendant Bennett moved to dismiss because plaintiff was moved from the Detention Center to the Federal Holding Facility at Sea Tac, and because Jack Bennett no longer worked at the Detention Center (Dkt # 17). Prior to plaintiff responding to defendant's motion plaintiff was returned to the Detention Center (Dkt. # 19). Mr. Bennett is no longer employed at the facility.

Plaintiff's response to the motion to dismiss provides details missing from the complaint (Dkt. # 19). Plaintiff alleges that if he is moved from the detention facility he is only allowed to take eighty pounds of materials with him. Plaintiff alleges the court must order all his legal material be transported to wherever he is sent (Dkt # 19 pages 2 and 3). Plaintiff alleges that in one of his habeas petitions regarding a prior conviction, the Ninth Circuit ordered him to file an application for a second or successive petition. Plaintiff filed the application, but it was denied. Plaintiff alleges he sought to file a Writ of Certiorari with the United States Supreme Court regarding that denial (Dkt. # 19, page 4). Plaintiff alleges he was not able to comply with the Supreme Court's rules regarding the filing of a Writ of Certiorari and could not file the petition because he could not access his legal documents. Plaintiff alleges he is under some form of sanction with the Supreme court and must strictly comply with filing requirements (Dkt. # 19).

The documents plaintiff has placed before the court show him asking for unfettered access to his property and show GEO personnel asking him to specify what documents he needs by case number or cause of action. Plaintiff's property had been inventoried and stored in August of 2007 (Dkt. # 19, Exhibits, grievance reply of Mc Hatton dated October 17, 2007). The documents show plaintiff was given a copy of the inventory. When plaintiff filed a grievance with federal employees at ICE they responded by telling him, first, that GEO had his property so the grievance should properly be submitted to them, and

second, that he would be more effective if he provided specific information to help find the material he claimed to need. Plaintiff was specifically referred to the August inventory and told to base his request on the inventory supplied (Dkt # 19, Exhibits).

Plaintiff persisted in not following the instructions he had been given and demanded he be given the opportunity to reorganize his inventoried property. He was informed by ICE personnel that the issue had been addressed by GEO. This response was signed on September 4, 2007, by Mr. Giles who is not a named defendant in this action (Dkt. # 19, Exhibits).

Other requests sent by plaintiff disclose that he was not satisfied with the manner his property was inventoried and repeatedly requested full access to all documents. The response from ICE officials states:

> Due to operational concerns your access is controlled. You do have access as you need and request things. Please identify these items you require for your preparation efforts and these will be provided.

(Dkt # 19, Exhibits, reply to the grievance dated September 5, 2007). Thus, the record discloses that plaintiff's property was inventoried and stored in August of 2007, as a result of operational concerns. Plaintiff had access to the materials if he used the copy of the inventory supplied to him. Plaintiff complained in September and October of 2007, and was told how to gain access. Plaintiff did not comply with the instructions he was given. He did not file his Writ for Certiorari, and, instead filed this action in November 2007.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact

exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g., the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

The court will first take up the question: may a claim for injunctive relief be maintained in a Bivens Action.

Counsel has provided briefing citing to a case that gives authority for each side of the proposition (Dkt. # 17, page 5). While the court acknowledges, it is an open question whether a claim for injunctive relief may be maintained in a Bivens Action, the court need not decide that question today. This is because even if an action for injunctive relief could be maintained, plaintiff is not entitled to such relief.

The second such question is whether the court may substitute a federal defendant for injunctive purposes when the first defendant is no longer working at the facility. Again, the court need not address this issue as plaintiff is not entitled to injunctive relief.

A. Injunctive Relief.

The basic function of injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail

> on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Here, GEO corporation employees inventoried plaintiff's property and provided him with a copy of that inventory. The property was stored due to operational concerns. The employees provided a mechanism for retrieval of plaintiff's stored property. Plaintiff did not follow the steps to obtain the stored property and demanded he be allowed access to all his property and the opportunity to reorganize the property. Plaintiff does not indicate what effect this proposed reorganization would have on the inventory that had already been conducted. Plaintiff does not show he will suffer any future injury if his request for injunctive relief is not granted. Nor does he make any showing he will probably prevail on the merits of any claim.

If plaintiff is transferred or deported, he is allowed to take eighty pounds of property with him at government expense. Plaintiff fails to show this is inadequate to meet his legal needs. Neither party has indicated if plaintiff may pay to have additional property shipped to him. Thus, plaintiff does not show irreparable injury.

Plaintiff may not obtain injunctive relief based on his failure to file a Writ of Certiorari with the Supreme court for two reasons. First, this is a past event. Second, plaintiff was given a mechanism for obtaining the documents he claims he needed, and he did not avail himself of that opportunity.

To have standing, plaintiffs' threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). Past alleged improper activity does not give standing for injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

Further, GEO employees and Federal employees repeatedly informed plaintiff to use the inventory provided to him to help identify documents he needed. The record is devoid of any indication plaintiff followed that process for obtaining documents. Plaintiff fails to meet his burden showing he is entitled to any injunctive relief. If he is transferred or deported he admits the policy allows for eighty pounds of property to be transported with him. He fails to show this is inadequate or that he cannot send excess property at his own expense. Further, plaintiff has failed to show the likelihood of success on the merits of a claim.

Plaintiff is not entitled to injunctive relief. Defendants' motion for summary judgment should be

1 **GRANTED** on this issue.

B. <u>Access to court</u>.

Deportation detainees, like pre trail detainees, or inmates, are to have meaningful access to law libraries or adequate assistance to persons trained in the law. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). In order to establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. <u>See</u>, <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). To prove actual injury, a plaintiff must demonstrate that the alleged shortcomings in the library or legal assistance program hindered efforts to pursue a non frivolous legal claim. <u>Id</u>., at 351

Here, plaintiff does not challenge the contents of the law library. Plaintiff challenges a restriction on his access to his legal property. The documents plaintiff himself placed before the court show detention officials, both from ICE and GEO telling plaintiff what steps he needed to take to obtain access to his property. The record does not show plaintiff complying with the instructions given by these officials. Plaintiff has not shown that his failure to file a Writ of Certiorari was caused by the storage or inventory of his property. Plaintiff has failed to show any duty owed him was violated by the defendant.

This action is without legal merit and Defendants' motion for summary judgment should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 5, 2008**, as noted in the caption.

DATED this 13 day of August, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge